UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRA ENVIRONMENTAL                    No. 2:09-cv-03201-MCE-GGH
TECHNOLOGIES, INC.,

         Plaintiff,

    v.                                  MEMORANDUM AND ORDER

ROBERT F. GALE, an individual,
FALLEN LEAF INDUSTRIES, INC.,
a California corporation, and
ROBERT G. GALE, an individual,

         Defendants.


                          ----oo0oo----


    Plaintiff Sierra Environmental Technologies, Inc.  ("Sierra"
or Plaintiff") seeks both monetary and injunctive relief from
Robert F. Gale, Fallen Leaf Industries, Inc., and Robert G. Gale
(collectively "Defendants") for claims arising under the Computer
Fraud and Abuse Act ("CFFA"), 18 U.S.C. § 1030, and the Lanham
Act, 15 U.S.C. § 1051 et seq.

///

///

                                1

1  In addition to those federal claims, Plaintiff alleges various
2  state law claims, including conversion, breach of fiduciary duty,
3  breach of non-competition agreements, breach of confidentiality
4  agreements, trade secret misappropriation, intentional
5  interference with contractual relations, intentional interference
6  with prospective economic advantage, negligent interference with
7  prospective economic advantage, and violations of the California
8  Unfair Business Practices Act as codified in California Business
9  and Professions Code § 17200, et seq.

10      Presently before the Court is Defendants' Motion to Dismiss,
11 which argues both that Plaintiff's claims should have been raised
12 by way of compulsory counterclaims in Defendants' ongoing state
13 court proceedings, and that this Court should abstain from
14 exercising its jurisdiction in any event because important state
15 interests are implicated by the parties' dispute.  For the
16 reasons set forth below, Defendants' Motion will be granted.

17
18                            **BACKGROUND**[1]
19
20      Plaintiff Sierra Environmental Technologies, Inc. "provides
21 specialized engineering and consulting services to the building
22 cleaning services industry, and other business sectors."  Compl.
23 ¶ 8.  It "combines a variety of advanced engineering principles
24 with internally developed methodologies, insights and other know-
25 how to dramatically reduce labor costs in large commercial and
26 industrial settings."  Id.

27 _____
28      [1] The factual assertions in this section are based on the
   allegations in Plaintiff's Complaint unless otherwise specified.

1    In 2005, Defendant Robert F. Gale ("Bob Gale") invested
2    substantial sums in Sierra.  He became a project manager and
3    eventually was designated as Plaintiff's Chief Financial Officer
4    ("CFO").

5    In January 2006, Plaintiff hired Bob Gale's son, Robert G.
6    Gale ("Robert Gale"), on a part-time basis.  In April 2007,
7    Robert Gale became a full-time project associate.

8    In June 2008, Plaintiff removed Bob Gale from his position
9    as CFO, but he remained a shareholder, director, and creditor.
10   Plaintiff alleges that sometime in 2008, Bob Gale started a
11   company called Lucent Cleaning Services.  Lucent named Bob Gale
12   as its president.

13   Defendant Bob Gale ultimately filed suit against Plaintiff
14   in Santa Clara County Superior Court on July 23, 2008 based on
15   alleged fraudulent misrepresentations made by Sierra.  Bob Gale's
16   allegations in that state lawsuit include fraud in the
17   inducement, promissory fraud (concealment), breach of fiduciary
18   duty, wrongful termination, rescission, unjust enrichment,
19   accounting, and constructive trust.

20   On October 17, 2008, Plaintiff terminated Robert Gale's
21   employment.  Plaintiff alleges that at the time of termination,
22   Robert was instructed to return a laptop computer which had been
23   issued to him, as well as all electronic files and property
24   belonging to Plaintiff.  Plaintiff asserts that they sent
25   numerous requests for this information and that it was not
26   returned for months.

27   ///
28   ///

3

1      On June 12, 2009, Defendant Robert Gale also filed a civil

2 action against Plaintiff in Santa Clara County Superior Court.

3 On December 8, 2009, a first amended complaint was filed on

4 Robert's behalf based on non-payment of wages, waiting time

5 penalties under the California Labor Code, tortious discharge,

6 breach of the implied covenant of good faith and fair dealing,

7 violation of California Business and Professions Code § 17200,

8 and fraud.

9

10                             **ANALYSIS**

11 **A.   Compulsory Counterclaims**

12

13       Defendants argue that "Sierra should have filed a cross-

14 complaint [in the state court actions] because [its claims are]

15 'compulsory' under California state law." Defs.' Memo. in Supp.

16 of Mot. to Dismiss, 7:14-15.  Plaintiff counters that the present

17 federal case "raises an entirely different set of issues."  Pl.'s

18 Memo. in Opp. to Def.'s Mot. to Dismiss, 6:22.

19       "The question whether the [Plaintiff's] claims are

20 compulsory counterclaims which should have been pleaded in the

21 earlier...state court action is a question of state law."

22 Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249

23 (9th Cir. 1987).  Pursuant to California Civil Procedure

24 § 426.30(a), failure to raise compulsory claims by way of cross-

25 complaint bars a litigant from raising such claims in any other

26 action.  The statute states as follows:

27 ///

28 ///

4

1
2
3
4

> "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint _any_ related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in _any_ other action assert against the plaintiff the related cause of action not pleaded."

5   Cal. Code Civ. Proc. § 426.30(a)(emphasis added).  A "related

6   cause of action" is defined as a "cause of action which arises

7   out of the same transaction, occurrence, or series of

8   transactions or occurrences as the cause of action which the

9   plaintiff alleges in his complaint."  Cal. Code Civ. Pro.

10  § 426.10.

11       "The term 'transaction'...is not confined to a single,

12  isolated act or occurrence...but may embrace a series of acts or

13  occurrences logically interrelated."  <u>Saunders v. New Capital for

14  Small Businesses, Inc.</u>, 231 Cal. App. 2d 324, 336 (Ct. App.

15  1964).  "The obvious intent of the Legislature in enacting this

16  statute was to provide for the settlement in a single action of

17  all conflicting claims between the parties arising out of the

18  same transaction and this to avoid multiplicity of actions and

19  conflicting judgments."  <u>Id</u>. at 334.  In each instance

20  'transaction' has been liberally construed so as to effectuate

21  this purpose.  <u>Id</u>. at 336.  "It is noteworthy that this

22  interpretation of the term parallels the interpretation of the

23  same term found in the comparable Federal Rules of Civil

24  Procedure on compulsory counter-claims."  <u>Id</u>.

25  ///

26  ///

27  ///

28  ///

1    Under federal law, compulsory counterclaims also encompass
2  cases that have been brought in federal court subsequent to a
3  case filing in state court.  "Federal courts will not permit an
4  action to be maintained where the claims asserted should have
5  been brought as a compulsory counterclaim in an earlier action."
6  In re Crown Vantage, Inc., 421 F.3d 963, 973, n.7 (9th Cir.
7  2005)(citing Cheiker v. Prudential Insurance Co., 820 F.2d 334
8  (9th Cir. 1987)).

9    Here, the causes of action alleged in the present federal
10  suit are "related" to the subject of the action in state court
11  filed nearly a year and a half beforehand.  Plaintiff nonetheless
12  argues that this case involves "post-June 2008 misappropriation
13  of intellection property and other acts of interference of
14  defendants, which occurred after Bob Gale stopped working for
15  Sierra."  Pl.'s Memo. in Opp. to Def.'s Mot. to Dis. 7:1-3.
16  This, however, is a distinction without a difference.  The claims
17  in question all arise from Defendants' employment with Sierra and
18  their eventual discharge from the company.

19    Plaintiff goes on to argue that even if the two lawsuits do
20  "arise out of the same common nucleus of operative facts, that
21  does not mean that the federal action must be dismissed in
22  deference to the state court action." Id. at 7:4-6.  That
23  contention ignores the fact that the purpose of compulsory
24  counterclaims is to require that reciprocal rights flowing from a
25  common source be determined in a single action.  See Saunders,
26  231 Cal. App. 2d at 334.  This avoids unnecessary and vexatious
27  litigation and ensures consistent judgments.  Id.
28  ///

This Court consequently declines to maintain this action on grounds that the claims it makes could and should have been litigated in the pending state court proceedings.

**B.   <u>Younger</u> Abstention**

Defendants also assert that the requirements for abstention first recognized by the Supreme Court in <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971) are satisfied.

"Under <u>Younger</u> abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings." <u>San Remo Hotel v. City and County of San Francisco</u>, 145 F.3d 1095, 1103 (9th Cir. 1998). Absent extraordinary circumstances, <u>Younger</u> abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).

In addition to these three threshold prerequisites, "there is a vital and indispensable fourth element: the policies behind the <u>Younger</u> doctrine must be implicated by the actions requested of the federal court." <u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1149 (9th Cir. 2007).

///

///

///

///

7

1    "When the case is one in which the <u>Younger</u> doctrine applies,
2    the case must be dismissed."  <u>H.C. ex rel. Gordon v. Koppel</u>, 203
3    F.3d 610, 613 (9th Cir. 2000).  Plaintiff "has the burden of
4    showing that state procedural law barred presentation of its
5    claims."  <u>Communications Telesystems Intern. v. California Public</u>
6    <u>Utility Com'n</u>, 196 F.3d 1011, 1020 (9th Cir. 1999) (internal
7    quotations omitted).

8    In this case, <u>Younger</u> principles are implicated and the
9    <u>Middlesex</u> factors are satisfied.  The state proceeding was
10   pending at the time Sierra filed its federal action, it raised
11   important state interests, and it afforded Sierra an adequate
12   opportunity to assert its constitutional challenges.  <u>Middlesex</u>,
13   457 U.S. at 432-437.

14   There is no dispute that two state court actions were
15   ongoing[2] when Sierra filed its federal action and that Sierra had
16   an adequate opportunity to litigate federal issues in the state
17   proceeding.  Therefore, the dispositive question is whether an
18   important state interest is implicated in this case.

19   Defendants incorrectly focus on whether important state
20   interests are implicated in the federal case pending before this
21   Court.  The proper inquiry, however, turns on whether important
22   state interests are implicated in the <u>state</u> proceeding.

23   ///

24   ///

25

26   [2] According to the parties, on February 9, 2010, the Santa
     Clara Country Superior Court heard Sierra's Motion to Compel
27   Arbitration in the Bob Gale case. (Mot., 2:16-17, Opp'n, p. 2,
     n.2).  Defendants also indicate that a demurrer in the Robert
28   Gale action is scheduled to be heard on March 11, 2010 (Mot.,
     2:18-19).

"If the state's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the states and the National Government," abstention is proper. <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 11 (1987). Qualifying areas of state interest encompass those interests that the United States Constitution and our national traditions assign primarily to the states. <u>Harper v. Public Service Com'n of WVA</u>, 396 F.3d 348, 352 (4th Cir. 2005). In looking at whether an important state interest is at hand, "we inquire into the substantiality of the State's interest in its proceedings [and] we do not look narrowly to its interests in the <u>outcome</u> of the particular importance of the generic proceedings to the State." <u>New Orleans Public Service, Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 365 (1989) (emphasis previously added).

All the claims at issue here fundamentally arise from the Gales' employment with Sierra. In the state action between Bob Gale and Plaintiff, Bob Gale alleges fraud in the inducement, promissory fraud, breach of fiduciary duty, wrongful termination, rescission, unjust enrichment, accounting, and constructive trust. Similarly, Robert Gale's state action includes claims for non-payment of wages, waiting time penalties, tortious discharge, breach of the implied covenant of good faith and fair dealing, violation of the California Business and Professions Code, and fraud. In the instant action, Plaintiff alleges, <u>inter alia</u>, breach of fiduciary duty, breach of non-competition agreements, breach of confidentiality agreements, trade secret misappropriation and interference with contractual relations. All these causes of action arise from Bob Gale and Robert Gale's employment.

1    Employment is inherently a state interest.  "Employment
2  status may implicate a state interest."  Allstate Ins. Co. v.
3  Haque, 449 U.S. 302, 314 (1981).  The fact that Defendants allege
4  multiple employment-related causes of action in their state
5  actions consequently points to an important state interest.

6    In addition to employment, Defendants contend in their
7  Motion and their Reply that two other important state interests
8  are also at stake: "California's interest in protecting trade
9  secrets...[and] California's interest in enforcing only valid
10  non-compete agreements."  Defs.' Reply Br. in Supp. of Mot. to
11  Dis. 4:10-14 (emphasis previously added).  Plaintiff, however,
12  asserts that these interests are solely at issue in the federal
13  case presently before this Court and therefore should not be
14  considered in the analysis of whether an important state interest
15  is present in the state proceedings.  Contrary to Plaintiff's
16  contention in this regard, the employment documents/agreements at
17  issue here have in fact been raised in the state court
18  proceedings.  They implicate important state interests under the
19  Younger analysis.

20    In Computer Economics Inc. v. Gartner Group, Inc., 50 F.
21  Supp. 2d 980, 991 (S.D. Cal. 1999), for example, the Court
22  examined whether the state's interest in uniform enforcement of
23  its laws was outweighed by any federal countervailing federal
24  interests.  The Court stated that it could not "identify any
25  countervailing federal interests outweighing the state's
26  interest" in enforcement of California's Trade Secret statutes.
27  Id. at 992.
28  ///

10

1  Additionally, the California Supreme Court recognized that
2  "California's trade secret law undoubtedly serves a significant
3  government interest." DVD Copy Control Ass'n, Inc. v. Bunner, 31
4  Cal. 4th 864, 880 (Cal. 2003). The DVD Court found that trade
5  secrets "have been recognized as a constitutionally protected
6  intangible property interest." Id. (quoting ITT Telecom
7  Products Corp. v. Dooley, 214 Cal. App. 3d 307, 318 (Ct. App.
8  1989)). California unquestionably has an important state
9  interest in guarding against trade secret misappropriation, as
10 alleged in Plaintiff's Sixth Claim for relief herein. Tellingly,
11 that claim is expressly based not on federal law but rather upon
12 a California statute, California Civil Code § 3426.1, et seq.
13     Additionally, with respect to the non-competition agreement,
14 California has a strong public interest in determining whether
15 such agreements can be enforced. California Business and
16 Professions Code § 16600 provides, for example, that "every
17 contract by which anyone is restrained from engaging in a lawful
18 profession, trade, or business of any kind is to that extent
19 void." California courts have held that this policy is
20 sufficiently strong to override a contractual non-compete
21 provision which designated another state's laws controlling.
22 Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App.4th
23 881, 902 (Ct. App. 1998). Here, Plaintiff alleges that Bob Gale
24 entered into a Non-Competition Agreement prohibiting him from
25 competing against Sierra during any period in which he owned
26 stock and for two years after. Compl. ¶ 50 and 51.
27 ///
28 ///

11

1  Plaintiff also asserts that Bob Gale breached the Non-Competition

2  Agreement by entering into competition against Sierra and

3  interfering with the employment of Robert Gale.  Compl. ¶ 53.

4  California has a strong interest in adjudicating these claims.

5        Finally, Defendant satisfies the fourth and final prong of

6  the Younger abstention analysis.  "[O]nce the three Middlesex

7  elements are satisfied, the court does not automatically abstain,

8  but abstains only if there is a Younger-based reason to abstain –

9  i.e., if the court's action would enjoin, or have the practical

10 effect of enjoining ongoing state court proceedings."

11 AmerisourceBergen Corp., 495 F.3d at 1149 (emphasis previously

12 added).  Deciding the issues alleged in Plaintiff's Complaint

13 herein could serve to enjoin the state court proceedings, either

14 explicitly or implicitly.  Any concurrent consideration at both

15 the state and federal level would be problematic, and invokes the

16 very concerns of comity underlying Younger abstention.  Although

17 Plaintiff contends that "[n]one of the relief requested by Sierra

18 in this action would have the effect of enjoining either of these

19 lawsuits" (Pl.'s Opp'n to Mot. to Dismiss 5:2-3), if this Court

20 were to award, for example, damages or injunctive relief to

21 Plaintiff in connection with its claims predicated under

22 California law, such an award would surely interfere with the

23 ongoing state proceedings.  Younger-based abstention is

24 accordingly appropriate.

25 ///

26 ///

27 ///

28 ///

12

1        **C.    Other Issues**

2

3        Plaintiff further alleges that "[t]he State Court judgment

4   in the Robert F. and Robert G. cases will be res judicata on all

5   claims, state and federal, which could have been litigated in the

6   same proceeding."  Defs.' Mem. in Supp. of Mot. to Dismiss, 5:16-

7   18.

8        The court need not reach a decision on this issue.  Res

9   judicata, as a "judge-made" rule, must yield to Federal Rule of

10  Civil Procedure 13(a), the compulsory counterclaim rule.  <u>Allan</u>

11  <u>Block Corp. v. County Materials Corp.</u>, 512 F.3d 912, 916 (7th

12  Cir. 2008).  Rule 13(a) "is in effect a procedural implementation

13  of [the res judicata] doctrine.  All Rule 13(a) does is command

14  that certain claims be pleaded as counterclaims.  It does not

15  specify the consequences of failing to do so.  Those consequences

16  are given by the doctrine of res judicata."  <u>Id</u>.

17       Defendants also allege that a more definite statement

18  pursuant to Federal Rule of Civil Procedure 8(a) is warranted.

19  Defendants assert that "Sierra has pleaded its case in a way that

20  fails to give fair notice of the claim it asserts and the grounds

21  upon which this rests."  Defs.' Memo. in Supp. of Mot. to

22  Dismiss, 12:19-21 (internal quotations omitted).  Because the

23  Court has already determined that Plaintiff's lawsuit should be

24  dismissed for the reasons stated above, however, it is

25  unnecessary to address Defendants' alternative claim that

26  Plaintiff should be ordered to provide a more definite statement

27  of its claims, and the Court declines to do so.

28  ///

**CONCLUSION**

    For the reasons set forth above, Defendants' Motion to Dismiss (Docket No. 8) is GRANTED.[3]

    IT IS SO ORDERED.

Dated: March 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

    [3] Because oral argument was not be of material assistance, the Court ordered this matter was deemed suitable for decision without oral argument.  Local Rule 230(g).

14